# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MAURICO MOQUERA,**

       **Plaintiff,**

v.                                                                                                    Case No: 6:16-cv-1280-Orl-41DCI

**STEAK N. SHAKE OPERATIONS, INC.,**

       **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**     **JOINT MOTION AND MEMORANDUM OF LAW FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. 28)**
>
> **FILED:**     **November 15, 2017**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.     BACKGROUND

On June 22, 2016, Plaintiff filed in state court a Complaint against Defendant alleging, in part, causes of action for alleged violations of the overtime and minimum wage provisions of the Fair Labor Standards Act (the FLSA). Doc. 2. On July 18, 2016, Defendant removed the case to this Court. Doc. 1. On July 25, 2016, Defendant filed its Answer and Statement of Defenses to Plaintiff's Complaint. Doc. 3.

On November 15, 2017, the parties filed a joint motion to approve settlement (the Motion), to which the parties attached their proposed settlement agreement (the Agreement). Docs. 28; 28-

1. The Agreement provides that Defendant will pay Plaintiff $4,000.00 to settle Plaintiff's FLSA claims: $1,250.00 in unpaid wages and overtime, $1,250.00 in liquidated damages, and $1,500.00 in attorney fees. Docs. 28 at 2-3, 28-1 at 2-3. The parties request that the Court review and approve the Agreement. Doc. 28.

## II. LAW

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id.* at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III. ANALYSIS

**A. Settlement Amount.**

The parties were represented by counsel in this litigation, which involved disputed issues of liability under the FLSA. *See* Docs. 2; 3; 28. In their Motion, the parties represented the following: that the parties exchanged relevant documents during the discovery process; that the parties engaged in extensive negotiations; that the parties disputed the number of hours that Plaintiff worked and whether Plaintiff was lawfully paid for every hour that he worked; and that in light of the issues in dispute, the amount to be received by Plaintiff is a fair and reasonable compromise of Plaintiff's disputed claims. Doc. 28. The parties also represented that "[h]ad the case proceeded through additional discovery, dispositive motions, and, if applicable, trial, it is possible that Plaintiff would have received far less, if anything, in damages." *Id*. at 3. The parties

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

asserted that settlement of Plaintiff's claims thus advances judicial economy. *Id*. The undersigned further notes that this case had been ongoing for more than one year before Defendant filed the Notice of Settlement.[4] *See* Doc. 20.

Based upon the foregoing, the undersigned finds that $4,000.00 is a fair and reasonable settlement amount in this case. Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

### B. The Terms of the Agreement.

Upon review of the Agreement, the undersigned finds that the terms of the Agreement do not affect the overall reasonableness of the settlement. The Agreement does not contain a general release, confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements. Accordingly, it is **RECOMMENDED** that the Court find that the terms of the Agreement do not affect the reasonableness of the settlement.

### C. Attorney Fees and Costs.

Under the Agreement, Plaintiff's counsel will receive a total of $1,500.00 as attorney fees and costs.[5] Docs. 28 at 3; 28-1 at 3. The parties represented that the attorney fees and costs were "negotiated completely separate from Plaintiff's settlement and did not bear any weight on the amounts received by Plaintiff." Doc. 28 at 3. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to

---

[4] Plaintiff filed the Complaint on June 22, 2016. Doc. 2. Discovery closed on September 1, 2017. Doc. 14. Defendant filed the Notice of Settlement on September 5, 2017. Doc. 20.

[5] This amount is to be divided between two law firms. Doc. 28-1 at 3.

Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 28) be **GRANTED** as follows:

1. The Agreement (Doc. 28-1) be found to be a fair and reasonable settlement of Plaintiff's FLSA claim.[6]

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on December 1, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

---

[6] Although motions to approve FLSA settlement agreements frequently include a request that the Court dismiss the case with prejudice, the parties have made no such request here. *See* Doc. 28. Accordingly, the undersigned declines to recommend at this time that the Court dismiss Plaintiff's case with prejudice.

- 6 -

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy